J-A05044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN VAUDIE MITCHELL | : | |
| | : | |
| Appellant | : | No. 902 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000074-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN VAUDIE MITCHELL | : | |
| | : | |
| Appellant | : | No. 903 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000075-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN VAUDIE MITCHELL | : | |
| | : | |
| Appellant | : | No. 904 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 3, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000083-2018

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:   **FILED: MARCH 24, 2022**

Kevin Vaudie Mitchell, "Appellant", appeals[1] from the judgment of sentence of incarceration entered by the Court of Common Pleas of Perry County following the revocation of his probation.  After careful review, we affirm.

On July 5, 2018, Appellant entered negotiated guilty pleas on three separately docketed, unrelated charges of Theft by Unlawful Taking, Burglary, and Theft by Unlawful Taking.[2]  Pursuant to the plea agreement, the court imposed probationary sentences in each case and ran them consecutively to form an aggregate sentence of 10 years' probation, with the first twelve months consisting of electronic monitoring house arrest.  Sentences of restitution also were imposed in each case.

On April 8, 2021, Appellant pleaded guilty to a single charge of Theft by Unlawful Taking for actions committed in 2020 while he was serving his 2018 probationary sentences.  As a result, the Commonwealth filed a Gagnon

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On July 2, 2021, Appellant's counsel filed three notices of appeal, pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. June 1, 2018), which were docketed in this Court at Nos. 902, 903, and 904 MDA 2021.  Pursuant to this Court's policy regarding multiple **Walker** appeals, the instant appeals were consolidated, *sua sponte*, by order of July 27, 2021.

[2] 18 Pa.C.S §§ 3921, 3502.

II[3] Petition recommending the court revoke Appellant's probationary sentences and impose, in their stead, sentences of incarceration to run consecutively to the pending sentence in the 2020 case.

Appellant's combined Gagnon II and sentencing hearing took place on June 3, 2021. With respect to his alleged violation of probation, the court advised Appellant that "by entering this plea and this sentencing today [on the new 2020 theft charge], you're found to be in violation." N.T. at 6. After considering statements from both defense counsel and Appellant on the prospect of revocation, the court asked Appellant, "All right. You understand that entering a guilty plea to this new case puts you in violation of all those probationary sentences?" Appellant replied, "Absolutely, Your Honor." N.T. at 7.

Thus finding Appellant had violated his probation, the court revoked Appellant's probationary sentences and resentenced him to three to seven years' incarceration on each of his three 2018 convictions. N.T., 6/3/21, at 6. The revocation sentences were run concurrently to one another as well as to the 24 to 36 month, standard-range sentence of incarceration the court had

---

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

just imposed on his 2020 theft charge.[4]  Appellant was notified of his post-sentence and appeal rights, and the hearing was adjourned.  N.T. at 12.

Fourteen days later, on June 17, 2021, Appellant filed a counseled post-sentence motion claiming the trial court erroneously revoked his probationary sentences for violating his 2018 probation when the corresponding sentencing orders had failed to advise him of the specific conditions of his probation.  In support of his motion, Appellant relied upon this Court's recent decision in *Commonwealth v. Koger*, 255 A.3d 1285 (Pa. Super. 2021), which held a violation of probation conditions may serve as grounds for revocation only if the court advised the defendant of such conditions at the time of sentencing.

Without addressing the merits of Appellant's post-sentence motion, the trial court entered its Order of July 1, 2021, denying the motion as untimely under Pa.R.Crim.P. 720.[5, 6]  This timely appeal follows.

_____

[4] Regarding the new theft charge, the Commonwealth sought a standard range sentence of 24 to 36 months' incarceration and restitution in the amount of $2,146.88.  N.T., 6/3/21, at 2.  Appellant asked for leniency in the form of work release or, in the alternative, a county sentence in consideration of his fiancé's health issues and the approaching birth of their first child.  N.T. at 4-5.  Reciting Appellant's history as a repeat felon, and taking notice of his recent detainer on a new fleeing and eluding charge, the court set sentence in the standard range.  N.T. at 5, 7.

[5] Rule 720 provides, in relevant part, that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."  Pa.R.Crim.P. 720.

[6] The Commonwealth contends that Appellant has waived the present claim by failing to include it in a timely post-sentence motion.  We disagree. Appellant's challenge goes to the sufficiency of the evidence offered to support

*(Footnote Continued Next Page)*

Appellant presents the following question for this Court's consideration:

According to recent case law, did the trial court err in finding the Appellant in violation at the Gagnon II hearing when the original sentencing order did not contain the rules and regulations to which the Appellant was found to be in violation of?

Brief of Appellant, at 8 (unpaginated).

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Giliam*, 233 A.3d 863, 866-67 (Pa. Super. 2020) (citation omitted). Whether the Commonwealth has presented sufficient evidence[7] to establish that the defendant violated a term of probation is a question of law, and we view all evidence in the light most favorable to the Commonwealth as the verdict winner. *Koger*, 255 A.3d at 1289. Our appellate standard of

---

the court's order of revocation, not to the sufficiency of evidence offered to support total confinement upon revocation of probation. As such, we distinguish the present case from *Commonwealth v. Schutzues*, 54 A.3d 86, 91-98 (Pa. Super. 2012) (issue claiming that record is devoid of evidence supporting total confinement upon revocation of probation must be preserved as a challenge to the discretionary aspects of sentencing), upon which the Commonwealth relies, and rely on well-settled authority observing that sufficiency claims need not be preserved in post-sentence motions. Instead, the record confirms that Appellant preserved his sufficiency issue by including it in a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[7] "In a revocation hearing the Commonwealth has the obligation of establishing its case by a preponderance of the evidence." *Commonwealth v. Foster*, 214 A.3d 1240, 1244 n.4 (Pa. 2019) (citation omitted).

review is *de novo*, although we may not reweigh the evidence or substitute our judgment for that of the trial court. ***Id***.

Appellant argues that the court erred by deeming the Commonwealth's proffer of evidence sufficient to revoke his probation when the underlying sentencing orders of July 5, 2018, failed to advise him of the conditions of his probation. In support, Appellant relies on our Supreme Court's decision in ***Foster*** and this Court's decision in ***Koger***.

***Foster*** and ***Koger***, however, are factually inapposite to the present matter, as neither case involved revocation based on the probationer's commission of a new crime. ***Foster***, discussed more fully *infra*, held that a "probation violation" warranting revocation and resentencing under the relevant statutory scheme did not result from noncriminal activity that was unspecified as a condition to probation at the time of sentencing, even if such activity reflects that probation has been ineffective to rehabilitate. ***Koger***, which relied fully upon ***Foster***, vacated the VOP order where the "technical violations" at issue implicated "specific conditions of probation" about which the sentencing court never advised the defendant. ***Id.*** at 1289-91.

In ***Foster***, the defendant was sentenced to four years' probation after pleading guilty to possession and possession with intent charges. ***Foster***, 214 A.3d at 1243. The defendant was subsequently detained after he posted on his social media accounts pictures of guns, drugs, cash, and the sentencing order from his case, with captions complaining that he "[c]ouldn't beat the case." ***Id.*** at 1243-45.

- 6 -

Despite finding neither the commission of a new crime nor a violation of a specific condition of probation, the trial court revoked probation and resentenced the defendant to serve the balance of his maximum sentence in prison, concluding his antisocial and defiant behavior revealed him to be unamenable to rehabilitation within the probation construct. *Id*.

On appeal, this Court affirmed, but our Supreme Court reversed, holding that revocation and resentencing under the Sentencing Act may flow only from either a subsequent criminal act or a violation of a specific probation condition announced at the time probation was sentenced.

In a prefatory synopsis of its rationale and holding to come, **Foster** identified the violation of a specific probation condition and the commission of a new crime as distinct grounds for revoking probation:

> Based on our canons of statutory construction, we conclude that the VOP court must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime to be found in violation. Absent such evidence, a violation of probation does not occur solely because a judge believes the probationer's conduct indicates that probation has been ineffective to rehabilitate or to deter against antisocial conduct.

*Id.* at 1243.

Developed more fully throughout the decision is that both the plain language of 42 Pa.C.S. §§ 9754(b)-(c), 9771(b) and interpreting jurisprudence prohibit a court from revoking probation and resentencing absent proof of either a breach of a specific condition of probation or the commission of a new crime:

We find the language of the pertinent statutory provisions to be clear and unambiguous. The law provides a general condition of probation – that the defendant lead "a law-abiding life," *i.e.*, that the defendant refrain from committing another crime. [42 Pa.C.S.] § 9754(b).  To insure that general condition is met, or to assist the defendant in meeting that general condition, the order must also include certain "specific conditions" from the list enumerated in section 9754(c).  Only upon the violation of any of the "specified conditions" in the probation order (general or specific) may a court revoke the defendant's probation. *Id.* § 9771(b).  **In other words, a court may find a defendant in violation of probation only if the defendant has violated one of the "specific conditions" of probation included in the probation order or has committed a new crime.**  The plain language of the statute does not allow for any other result.[fn]

---

[Fn]  . . . As stated above, section 9754(b) expressly provides that the intention of the General Assembly in permitting a court to enter an order of probation, and attach conditions thereto for the defendant to follow, is to have the defendant lead "a law-abiding life." 42 Pa.C.S. § 9754(b). **It is clear and unambiguous that central to a sentence of probation is the condition that the defendant remain crime-free.**

---

. . .

**[P]robation can be revoked based on technical violations as well as following a new criminal conviction**. [***Commonwealth v.***] ***Infante***, 888 A.2d [783,] 791 [(Pa. 2005)] ("As Sections 9754 and 9771 make clear, the reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct."). . . .

[The ***Infante***] statement . . . cannot be read in isolation.  Read in context, it is clear that the effectiveness of probation as a rehabilitative tool and as a deterrent to antisocial conduct is the lens through which a violation is to be viewed.  **Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation**, the court finds that probation is no longer achieving its desired aims of

- 8 -

rehabilitation and deterring criminal activity. ***See***, ***e.g.***, [***Commonwealth v.***] ***Brown***, 469 A.2d [1371,] 1376 [(Pa. 1983)] (holding that the Commonwealth cannot establish probation violation where defendant was acquitted of the charges that constituted the alleged VOP); ***Commonwealth v. Burrell***, [ ] 441 A.2d 744, 746 ([Pa.] 1982) (revocation and resentencing to term of imprisonment based on conviction of new crime, judge determined that probation was not effective for defendant's rehabilitation or to deter antisocial conduct). As the statute provides (and ***Infante*** reflects), **a court never reaches this question unless there is a violation of a specified term of the probation order or the probationer commits a new crime.**

. . .

[B]oth the VOP court and the Superior Court disregarded the statutory requirement that a court must first find that the defendant **either committed a new crime or violated a specific condition of probation in order to be found in violation**.

***Id.*** at 1249-1251 (emphasis added).

***Foster*** thus acknowledges that a probationer's commission of a new crime provides independent grounds for revocation and resentencing notwithstanding the specific conditions of probation.

In this vein, we find salient the observation expressed in a recent, nonprecedential decision of this Court that refraining from criminal activity while on probation is implicitly understood as a requirement of anyone's continued probationary status and would necessitate no further admonition at sentencing:

Unlike other specific conditions of probation that might not be contemplated by a defendant without explicit notice in the sentencing order, it is reasonable to presume that a defendant sentenced to probation is automatically on notice that his commission of other crimes would constitute a violation that could

result in revocation. Therefore, the court's revocation of Appellant's probation based on his committing new crimes was permissible.

***Commonwealth v. Roy***, 259 MDA 2021 at *2 (Pa. Super. filed October 21, 2021) (unpublished memorandum).[8]

In light of the foregoing, we find the trial court appropriately revoked Appellant's probation based on his commission of a new criminal offense in 2020, even though refraining from subsequent criminal activity was not set forth specifically as a condition of probation at his 2018 sentencing. The commission of a crime while on probation has long been recognized under both the Sentencing Code and our decisional law as an independent and sufficient reason for probation revocation and resentencing. Accordingly, we dismiss Appellant's claim as meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/24/2022

---

[8] ***See*** Pa.R.A.P. 126(b) (explaining that we may rely on unpublished decisions from this Court filed after May 1, 2019, for persuasive value).